**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 10 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-31791 |
| | ) | |
| James A. Patterson, Jr., and | ) | Chapter 7 |
| Pharaba L. Patterson, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

This case came before the court for hearing on the Chapter 7 Trustee's Motion Objecting to Exemptions ("Objection") [Doc. # 22], and Debtors' response [Doc. # 28]. The Trustee and Debtors' attorney attended the hearing in person. The parties filed a Joint Stipulation of Evidence [Doc. # 32] and have agreed that the court should decide the Objection on the stipulated facts contained therein and documentary evidence attached thereto.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the reasons that follow, the Trustee's Objection will be overruled.

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 23, 2010. Four days before filing, on March 19, 2010, Debtors received their 2009 federal income tax refund in the amount

of $4,905.00 by direct deposit into their checking account. [Doc. # 32, ¶ 2]. Their income tax refund included $3,890.00 in Earned Income Credit and $1,009.00 in Additional Child Tax Credit. [*Id.*, ¶ 8]. Immediately before the income tax refund was deposited, the balance in Debtors' checking account was $362.23. [*See id.*, Ex. B attached thereto]. After the deposit but before Debtors filed their petition, withdrawals were made from the checking account in the total amount of $1,512.13, leaving a balance of $3,755.10 at the time of filing. [*Id.,* ¶ 4 and Ex. B, p. 1 attached thereto]. Although Debtors had three other bank accounts, each of those accounts had zero balances on the date of filing. [*Id.*, ¶ 4]. On their bankruptcy Schedule C, Debtors claim exemptions under Ohio Revised Code § 2329.66(A)(9)(g) in the amount of $4,899.00 against monies in their checking account.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. Ohio exemption law applies to Debtors as they have been domiciled in this state for more than the 730 days preceding the date of the filing of their petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 34, SOFA question 15.

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Andrews*, 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are to be liberally construed in a debtor's favor. *Id.*

Ohio's exemption statute provides that "[e]very person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: "[t]he person's interest in . . . [p]ayments under section 24 or 32 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended. Section 32 of the Internal Revenue Code provides for the earned income credit while section 24 provides for, among other things, a refundable credit, referred to as the additional child tax credit. *See* 26 U.S.C. §§ 24(d) and 32.

Although the Trustee does not dispute that the income tax refund deposited into Debtors' bank account consisted of the earned income credit and additional child tax credit in the amount of $4,899.00, the Trustee argues that those funds lost their exempt status when they were deposited into that account, commingled with funds from other sources and spent, at least in part, as cash. Debtors, on the other hand, contend that the funds retained their tax exempt status since the source of the funds is known or is

2

reasonably traceable.

The United States Supreme Court has addressed the issue of whether benefits received by an individual that were otherwise exempt under a federal exemption statute retained their exempt status when deposited into a bank account. *See Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159 (1962)*; Philpott v. Essex County Welfare Bd.*, 409 U.S. 413 (1973). In *Porter*, the Court held that a veteran's disability compensation remained exempt after being deposited into a savings and loan association account. The Court held that because "legislation of this type should be liberally construed . . . to protect funds granted by the Congress for the maintenance and support of the beneficiaries thereof," the deposits "should remain inviolate." *Id* at 162. The Court stated:

> The Congress, we believe, intended that veterans in the safekeeping of their benefits should be able to utilize those normal modes adopted by the community for that purpose-provided the benefit funds, regardless of the technicalities of title and other formalities, are readily available as needed for support and maintenance, actually retain the qualities of moneys, and have not been converted into permanent investments.

*Id.* Relying on the reasoning in *Porter,* the Supreme Court held in *Philpott* that a depositor's social security disability benefits retained their exempt status after being deposited into the individual's bank account. *Philpott*, 409 U.S. at 416-17.

Consistent with these United States Supreme Court decisions, the Ohio Supreme Court in *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St. 3d 441 (1986), addressed the exempt nature of personal earnings and concluded that "statutorily exempt funds do not lose their exempt status when deposited in a personal checking account . . . so long as the source of the exempt funds is known or reasonably traceable." *Daugherty*, 29 Ohio St. 3d at 445, 504 N.E.2d at 1103. The court explained:

> The legislature's purpose, in exempting certain property from court action brought by creditors, was to protect funds intended primarily for maintenance and support of the debtor's family. (Citation omitted). This legislative intent would be frustrated if exempt funds were automatically deprived of their statutory immunity when deposited in a checking account which a depositor commonly maintains in order to pay by check those regular subsistence expenses he incurs.

*Id.* Since the parties had agreed that the funds in the debtor's checking account were from personal earnings that were exempt under the Ohio exemption statute, the *Daugherty* court held that the deposited funds were exempt. *Id.* In addition, the court noted that the funds on deposit retained their exempt status because they also met the test set forth in *Porter,* that is, they were "'readily available as needed for support and maintenance,' retained their quality as monies and were not converted into a permanent investment." *Id.* at n.3.

3

The court finds the reasoning of the above cited cases persuasive and equally applicable to the claimed exemption in this case. Under such reasoning, to the extent that the source of the funds in Debtors checking account on the date of filing their bankruptcy petition is the refundable additional child tax credit and earned income credit, the funds retain their exempt status under Ohio Revised Code § 2329.66(A)(9)(g). And under Ohio law, those funds remain exempt even if they are commingled with non-exempt funds deposited in that account if the funds are reasonably traceable to those income tax credits. *See Daugherty*, 29 Ohio St. 3d at 445; *First Nat'l Master Charge v. Gilardi*, 44 Ohio App. 2d 383, 385-86 (1975) (stating it is "obvious" that tracing of monies on deposit is required to determine the amount attributable to exempt welfare funds); *cf. NCNB Fin'l Servs., Inc. v. Shumate*, 829 F. Supp. 178, 181 (W.D. Va. 1993) (finding funds exempt that are reasonably traceable to social security income); *In re Moore*, 214 B.R. 628, 631 (Bankr. D. Kan. 1997) (same).

In determining the nature of the funds on deposit in Debtors' checking account at the time their bankruptcy petition was filed, the court finds use of the first-in, first out method of accounting appropriate to trace the source of the funds in the account. *See In re Lichtenberger*, 337 B.R. 322, 326 (Bankr. C.D. Ill. 2006) ("[g]uided by the principle that exemptions are to be construed liberally in favor of debtors," the court applied the first-in, first-out method to determine the source of funds in the debtor's bank account); *Shumate*, 829 F. Supp. at 181 (using the first-in, first-out method in determining whether funds could be traced to social security benefits); *United States v. Griffith,* 584 F.3d 1004, 1021 (10th Cir. 2009) (finding VA funds commingled in account with other funds will retain their VA character as long as they are readily traceable and may be accounted for with a standard accounting method, such as first-in, first-out tracing). Immediately before the deposit, the balance in Debtors' checking account was $362.23. After the income tax refund was deposited the balance was $5,267.23. However, before the date of filing, withdrawals were made from the account in the total amount of $1,512.13, leaving a balance of $3,755.10 at the time of filing. Applying the first-in, first-out method, this entire balance consists of payments received under the provisions of the Internal Revenue Code for the earned income credit and additional child tax credit. Debtors are, therefore, entitled to exempt the entire balance of funds in their checking account on the date of filing.

A separate order in accordance with this memorandum of decision will be entered by the court.